UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NICHOLAS WILLIAM BURCHETT,

    Plaintiff,

        v.                              CAUSE NO. 3:23-CV-130-DRL-MGG

LEWIS, et al.,

    Defendants.

OPINION AND ORDER

Nicholas William Burchett, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Burchett alleges that Correctional Officer Ms. Lewis was involved with an inmate who was a high-ranking member of the Black Stone organization. Mr. Burchett got into an argument with Officer Lewis as Mr. Burchett was being moved. Officer Lewis allegedly said that she was going to make sure Mr. Burchett didn't make it through the night. She also said that Mr. Burchett "fucked up" and that he was going where she could get him touched. ECF 1 at 3. Mr. Burchett was placed in a holding cell.

Mr. Burchett talked with Lt. Creasy about what happened and asked for protection because he didn't feel safe. He also asked to speak with internal investigations. Lt. Creasy just laughed at Mr. Burchett. Capt. Machin also came to talk to Mr. Burchett while he was in the holding cell. He explained the threat and Officer Lewis' relationship with a high-ranking gang member. He again asked for protection and to speak to internal investigations. He wasn't placed in protective custody; he was moved to EC Complex and placed on C-1. On October 27, 2022, Mr. Burchett was assaulted. Mr. Burchett attributes the assault to Officer Lewis' threat.

When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Mr. Burchett has plausibly alleged that Officer Lewis, Capt. Machin, and

2

Lt. Creasy failed to protect him from the October 27, 2022, attack, and he will be permitted to proceed on this claim.

Following the assault, Officer Brown and Sgt. Franklin took him to the medical department. He told them he feared for his safety and asked to speak with internal investigations. He also asked for protection. Officer Brown called Mr. Burchett a "check in bitch" and "snitch." ECF 1 at 4-5. He said Mr. Burchett would be moved to C-2, just above C-1, and that he had something in store for him, which Mr. Burchett took to be a threat. While Mr. Burchett was handcuffed, Officer Brown punched Mr. Burchett in the face and slammed him against the wall. Sgt. Franklin witnessed this. Mr. Burchett began screaming for help. Mr. Burchett said he would harm himself before he gets assaulted again on another dorm. Officer Brown laughed and said he was going to the dorm even if they had to drag him, which they did, with a TASER pointed at him.

Under the Eighth Amendment, prisoners can't be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution. *Graham v. Conner*, 490 U.S. 386, 396 (1989) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.

1973), *cert. denied* 414 U.S. 1033 (1973)). "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). These allegations state a claim against Officer Brown for using excessive force. However, it can't be plausibly inferred that Sgt. Franklin had a realistic opportunity to prevent Officer Brown's brief use of excessive force. Therefore, Mr. Burchett won't be allowed to proceed against Sgt. Franklin on a failure to intervene claim.

Once they arrived at Mr. Burchett's new dorm, Officer Brown and Sgt. Franklin told other inmates to watch out for Mr. Burchett because he was telling on people and trying to check in. On November 4, 2022, Mr. Burchett was attacked again. Mr. Burchett has plausibly alleged that Officer Brown and Sgt. Franklin failed to protect him from the November 4, 2022 inmate attack.

After the attack, Mr. Burchett approached Sgt. Ruiz and Sgt. Renstrom. He told them that he had been threatened and assaulted and he was asking for protection. Mr. Burchett asked to talk to them in private. Mr. Burchett provided the name of the inmate who threatened him. One of the officers – it is unclear who – then called him a "tampon" "check in" and "snitch." ECF 1 at 6. There were inmates nearby and Sgt. Ruiz allowed them to approach the cage and see who was in there. When inmates asked who was in there, Sgt. Ruiz told them, and he also said Mr. Burchett was giving up other inmate's names. When Mr. Burchett asked for protection, Sgt. Ruiz told him to shut up and he was going to the dorm even if they had to carry him. While in the holding cell and in

4

handcuffs, Sgt. Renstrom punched Mr. Burchett in the stomach and ribs hard enough that Sgt. Ruiz told him to stop. Mr. Burchett may proceed against Sgt. Renstrom on an excessive force claim.

Mr. Burchett was transported to RHU by Sgt. Heinrich. Sgt. Heinrich allegedly threatened Mr. Burchett by saying he would see him on GSC side and that "we are gonna fuck you up." ECF 1 at 7. While Sgt. Heinrich's behavior was inappropriate, Mr. Burchett doesn't allege that he was attacked because of this threat, so he can't proceed against Sgt. Heinrich on a failure to protect claim.

Mr. Burchett was charged with a conduct violation. Officer York conducted the hearing for that violation. He asked for video to show he didn't attack the officers, and he asked for evidence of their injures from the alleged attack. Officer York said there was no camera evidence or evidence of injuries. He also said they were his buddies, and he was going to find Mr. Burchett guilty. Officer York told Mr. Burchett that, if he fought it, he would give him the maximum penalty, or he could accept 365 days in RHU with 274 days suspended. Mr. Burchett pleaded guilty because he was afraid that he would lose all his good time credit if he didn't.

The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. But to state a claim for a denial of due process, Mr. Burchett must first establish that he was denied a protected liberty or property interest. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). The Constitution doesn't create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population. *See*

*Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995). An inmate will be entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. After *Sandin*, inmates have no liberty interest in avoiding short-term transfer to segregation, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005). But placement in long-term segregation approaching a year or more can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009). Mr. Burchett's sanction required him to spend approximately 90 days in the restrictive housing unit. This placement, even if he was subjected to harsher conditions, doesn't implicate due process concerns. Therefore, he can't proceed against Officer York.

Finally, Mr. Burchett names Warden Galipeau and Assistant Superintendent Gann as defendants, but he doesn't mention them in the body of his complaint. Public officials "are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore, he can't proceed against Warden Galipeau or Assistant Superintendent Gann.

For these reasons, the court:

(1) GRANTS Nicholas William Burchett leave to proceed against Officer Lewis, Capt. Machin, and Lt. Creasy in their individual capacities for compensatory and

6

punitive damages for failing to protect him from an attack by an inmate on October 27, 2022, in violation of the Eighth Amendment;

(2) GRANTS Nicholas William Burchett leave to proceed against Officer Brown in his individual capacity for compensatory and punitive damages for using excessive force against him while transporting him to the medical department on October 27, 2022, attack, in violation of the Eighth Amendment;

(3) GRANTS Nicholas William Burchett leave to proceed against Officer Brown and Sgt. Franklin in their individual capacities for compensatory and punitive damages for failed to protect him from an attack by an inmate on November 4, 2022, in violation of the Eighth Amendment;

(4) GRANTS Nicholas William Burchett leave to proceed against Sgt. Renstrom in his individual capacity for compensatory and punitive damages for using excessive force against him on November 4, 2022, in violation of the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Sgt. Ruiz, Sgt. Heinrich, Correctional Officer York, Warden Galipeau, and Assistant Superintendent Gann;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Lewis, Capt. Machin, Lt. Creasy, Officer Brown, Sgt. Franklin, and Sgt. Renstrom at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(8) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who doesn't waive service if it has such information; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Lewis, Capt. Machin, Lt. Creasy, Officer Brown, Sgt. Franklin, and Sgt. Renstrom to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 26, 2024                               *s/ Damon R. Leichty*
                                             Judge, United States District Court