UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NICHOLAS WILLIAM BURCHETT,

    Plaintiff,

    v.     CAUSE NO. 3:23-CV-130 DRL-SJF

LEWIS *et al.*,

    Defendants.

OPINION AND ORDER

Nicholas William Burchett, a prisoner without a lawyer, is proceeding in this case on four Eighth Amendment claims: (1) against Officer Lewis, Capt. Machin, and Lt. Creasy "for failing to protect him from an attack by an inmate on October 27, 2022[;]" (2) against Officer Brown "for using excessive force against him while transporting him to the medical department on October 27, 2022, attack[;]" (3) against Officer Brown and Sgt. Franklin for failing "to protect him from an attack by an inmate on November 4, 2022[;]" and (4) against Sgt. Renstrom "for using excessive force against him on November 4, 2022[.]" ECF 23 at 6-7. On January 17, 2025, the defendants filed a motion for summary judgment, arguing Mr. Burchett didn't exhaust his available administrative remedies before filing this lawsuit. ECF 44. With the motion, the defendants provided Mr. Burchett the notice required by N.D. Ind. L.R. 56-1(f). ECF 47. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to statement of material facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over a month ago, but Mr. Burchett hasn't responded. Therefore the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v.*

*Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility (WCF) and Mr. Burchett's grievance records.[1] During all relevant times, an Offender Grievance Process was in place at WCF. ECF 46-1 at 2. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* Mr. Burchett's grievance records show the grievance office never received any grievances from Mr. Burchett related to his allegations in this lawsuit. *Id.* at 5; ECF 46-3; ECF 46-4.

Here, the defendants have met their burden to show Mr. Burchett didn't exhaust his available administrative remedies before filing this lawsuit, as it's undisputed the grievance office never received any relevant grievance from Mr. Burchett. Mr. Burchett doesn't argue or provide any evidence he submitted any relevant grievance or his

---

[1] Because Mr. Burchett hasn't responded to the defendants' summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Mr. Burchett's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

administrative remedies were in any way unavailable. Therefore, summary judgment is warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 44); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Nicholas William Burchett and to close this case.

SO ORDERED.

May 2, 2025                           *s/ Damon R. Leichty*
                                                  Judge, United States District Court